UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMU, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>HULU, LLC, <br><br>　　　　　Defendant. | Case No. 19-cv-00327-HSG <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 30 |

　　　　On January 18, 2019, Plaintiff Humu, Inc. ("Humu") brought suit against Defendant Hulu, LLC ("Hulu") seeking declaratory judgments of: (1) no likelihood of confusion, trademark infringement, or unfair competition; and (2) no dilution. Dkt. No. 1. Defendant subsequently provided Plaintiff a covenant not to sue, after which Plaintiff filed an amended complaint. *See* Dkt. Nos. 30-1 Ex. 2 ("Covenant"), 25 ("FAC").

　　　　Pending before the Court is Defendant's motion to dismiss Plaintiff's amended complaint, briefing for which is complete. *See* Dkt. Nos. 30 ("Mot."), 43 ("Opp."), 44 ("Reply"). Defendant contends that the Court lacks jurisdiction in light of Defendant's provision of a covenant not to sue. The Court finds the disputed covenant does not deprive this Court of jurisdiction and thus **DENIES** Defendant's motion.

I.　　**LEGAL STANDARD**

　　　　Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. And "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no

longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A defendant, however, "cannot automatically moot a case simply by ending its unlawful conduct once sued." *Id.* The measure for when voluntary cessation deprives the tribunal of power to hear and determine a case is whether the defendant has carried its "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). As concerns a covenant not to sue, courts consider, "in addition to other factors: (1) the language of the covenant, (2) whether the covenant covers future, as well as past, activity and products, and (3) evidence of intention or lack of intention, on the part of the party asserting jurisdiction, to engage in new activity or to develop new potentially infringing products that arguably are not covered by the covenant." *ChromaDex, Inc. v. Elysium Health, Inc.*, No. SACV 16-02277-CJC(DFMx), 2017 WL 7080237 (C.D. Cal. Nov. 28, 2017) (quoting *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 96 (2d Cir.), *aff'd* 568 U.S. 85 (2013)).

## II.   DISCUSSION

The parties dispute turns on whether Defendant's covenant not to sue here sufficiently tracks the covenant not to sue provided in *Nike*, which mooted the actual controversy there. Defendant contends that its proffered covenant "mirrors the covenant that the Supreme Court held mooted the *Nike* case and thus meets each of the facts identified by the *Nike* [C]ourt." Mot. at 8. Most important, Defendant claims that "like the *Nike* covenant, Hulu agrees to refrain from 'making any claim(s) or demand(s)' on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution based on Humu's use of the HUMU mark as alleged in the Original Complaint." *See* Mot. at 8. But Defendant mischaracterizes the covenant at issue here. Unlike the covenant in *Nike*, Defendant's covenant contains a critical proviso, omitted from Defendant's just-cited description, and underlined in the following:

> Hulu . . . hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s) . . . on account of any possible cause of action based on or involving trademark

2

>infringement, unfair competition, or dilution, under state or federal law in the United States relating to the Hulu Marks based on Humu's use of the HUMU mark in the manner described in the Complaint <u>in connection with the Humu Services offered to the Humu Customers, or in connection with any other goods or services similar to the Humu Services marketed directly to the Humu Customers</u> . . . .

*See* Covenant at 1–2 (emphasis added).

As is relevant to the pending motion, Defendant articulates its own definitions of "Humu Services" and "Humu Customers" for purposes of the covenant, which Plaintiff maintains do not encompass all of Plaintiff's existing or imminently planned activities. *See id.* at 1 (defining the terms "Humu Services" and "Humu Customers"); Opp. at 9–13.[1] For example, Defendant's definition of "Humu Customers" in the covenant encompasses "large business enterprises and organizations interested in implementing researched-based tools to motivate employees across the organization to take small steps to improve employee happiness, which in turn drives high morale and employee retention." *See* Covenant at 1. But Plaintiff notes that while it "tends to be retained by large organizations and employers," it offers its services to "individual users." *See* Opp. at 11–12. Further, the covenant's limitation to services "<u>marketed directly</u> to the Humu Customers" plausibly does not cover general marketing activities, in which Plaintiff has engaged and intends to continue to engage. *See* Covenant at 2 (emphasis added); Opp. at 14.

The totality of the circumstances shows there remains a controversy for the Court to exercise jurisdiction over Plaintiff's declaratory judgment claims. Given the critical proviso language, and contrary to Defendant's arguments, the disputed covenant not to sue differs in material ways from the covenant at issue in *Nike*, or in any other case the parties identified. Based on the language of the covenant itself, the Court thus cannot conclude that it is "absolutely clear" that Defendant's covenant eliminated all potential infringement disputes related to Plaintiff's actual and imminently planned uses of the HUMU mark. *See Already, LLC v. Nike, Inc.*, 568 U.S. at 91.

//

---

[1] Although Defendant relies on language from the initial complaint for its defined terms, it is not clear that Plaintiff meant for those particular high-level descriptions of its business to be an exhaustive description of its actual and potential services and customer base.

3

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Dated: 7/17/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge